NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE FRANCISCO ESPINOZA, | No. 16-56870 |
| Petitioner-Appellant, | D.C. No. 2:16-cv-03892-CAS-MRW |
| v. | |
| WILLIAM SULLIVAN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted August 27, 2018**
Pasadena, California

Before: GOULD and BYBEE, Circuit Judges, and HERNANDEZ,*** District Judge.

California state prisoner Jose Francisco Espinoza appeals from the district

court's judgment denying his 28 U.S.C. § 2254 habeas petition. We review the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Marco A. Hernandez, United States District Judge for the District of Oregon, sitting by designation.

district court's denial of a section 2254 habeas petition de novo, *McCormick v. Adams*, 621 F.3d 970, 975 (9th Cir. 2010), but within the parameters of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Atwood v. Ryan*, 870 F.3d 1033, 1046 (9th Cir. 2017). Under AEDPA, we may grant relief if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in the light of the evidence presented" in state court. 28 U.S.C. § 2254(d). We affirm.

**1.** The district court correctly concluded that the state court's decision regarding the photo identification was consistent with Federal law and did not unreasonably determine or apply the facts. Although the California Court of Appeal concluded that the photo array was unduly suggestive when five of the six photos showed men wearing shirts and the photo of Espinoza showed him without a shirt and revealing a portion of a chest tattoo with the word "death," the state court reasonably applied the relevant totality of the circumstances factors in concluding that Hunt's identification was reliable. *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972) (factors include the witness's opportunity to view the criminal at the time of the crime; the witness's degree of attention; the witness's level of certainty at the time of the confrontation; and the length of time between the crime

2

and the confrontation). Hunt knew who Espinoza was before the crime occurred, the crime occurred during daylight, no evidence suggests Hunt's line of sight was impaired, and he observed the shooter's face during the crime. Hunt was able to read the shooter's lips to understand what the shooter was saying as he drove by, he observed the driver sufficiently to identify the driver's hand gesture as a gang sign, and he was able to identify the type of gun. Hunt referred to specific features of Espinoza's nose to distinguish another person in the lineup and was confident enough to reject his co-victim's identification of that other person. And, the photographic lineup occurred only one day after the shooting.

The state court also reasonably rejected Espinoza's contention that the police told Hunt that Espinoza was the shooter before showing Hunt the photo identification array. Espinoza relies on ambiguous testimony by Hunt, and just moments later, Hunt made clear that the police "can't do that." Finally, the police telling Hunt that the photo array included a photo of a suspect does not create a substantial likelihood of irreparable misidentification.

**2.** To demonstrate ineffective assistance of counsel, Espinoza must establish that his counsel's performance was "deficient" and that this performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under AEDPA, our review of ineffective assistance of counsel claims is "doubly deferential," *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009), because the

3

inquiry "is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter,* 562 U.S. 86, 105 (2011).

Espinoza argues that trial counsel was deficient by not calling co-workers to establish an alibi defense. Trial counsel contacted at least two of Espinoza's co-workers, and called Espinoza's cousin who testified that he employed Espinoza and that Espinoza was at work at the time of the crime. The district court did not err in determining that the state court could have reasonably held that trial counsel concluded that additional witnesses were cumulative or less reliable than Espinoza's cousin. Additionally, the jury obviously credited the evidence against Espinoza over the alibi testimony of his cousin. Thus, as the district court explained, the state court could have concluded that there was no prejudice resulting from the decision not to call additional co-workers.

Finally, the state court could have concluded that trial counsel made a reasoned strategic decision to not call Espinoza's ex-girlfriend. As the district court noted, the state court could have determined that her testimony about the presence of bullet casings would have undermined Espinoza's defense because it suggested that Espinoza owned weapons, was familiar with weapons, and fired weapons. Additionally, she had no personal knowledge of shell casings present in Espinoza's home at the time of the crime because she had moved out of the house the month before.

**AFFIRMED.**